IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LATRECIA TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-cv-113 (WLS) |
| | : | |
| PARKER SECURITY AND INVESTIGATIVE SERVICES INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| GEORGIA DEPARTMENT OF LABOR, | : | |
| | : | |
| Movant. | : | |
| | : | |

**ORDER**

In this Title VII sex discrimination case, the Georgia Department of Labor (GDOL) moves to quash a subpoena from Plaintiff Latrecia Turner seeking records from an unemployment hearing. The GDOL argues that the subpoena should be quashed under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) because Section 34-8-121 prohibits it from releasing confidential employment records without a court order stating that "the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records." (Doc. 3 (quoting O.C.G.A. § 34-8-126).). Turner opposes the motion.

Rule 45 of the Federal Rules requires a court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). While the threat of criminal penalties for releasing confidential records may be an undue burden, the records in this case are available to Turner without that threat. The Court finds that GDOL's records from Turner's unemployment hearing are relevant to this cause of action and that her need for the records outweighs any concerns for privacy and confidentiality. This Court

has repeatedly found that the need for unemployment records in employment discrimination cases often outweighs interests of privacy and confidentiality. *E.g.*, *Dowdell v. Dolgencorp*, No. 1:12-cv-130 (WLS) (M.D. Ga. Apr. 3, 2013); *Ezzard v. Eatonton & Putnam Water & Sewer Auth.*, No. 5:11-cv-505 (CAR), 2012 WL 3901748, at *1 (M.D. Ga. Sept. 7, 2012). Here, the records are relevant because the employer's testimony at the unemployment hearing may shed light or cast doubt on its contentions during litigation. The interests of privacy and confidentiality are minimal because Turner herself seeks the records and because the Parties have placed her termination at issue in this case.

For those reasons, the GDOL's motion to quash (Doc. 14) is **DENIED**. The Court hereby finds that "the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records." O.C.G.A. § 34-8-126.

**SO ORDERED**, this ___9th___ day of April, 2014.

                                               _/s/ W. Louis Sands_
                                               **W. LOUIS SANDS, JUDGE**
                                               **UNITED STATES DISTRICT COURT**