IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LATRECIA TURNER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:13-cv-113 (WLS) |
| : | |
| PARKER SECURITY AND : | |
| INVESTIGATIVE SERVICES, INC., : | |
| : | |
| Defendant. : | |
| : | |

## **AMENDED ORDER**

In its prior Order denying Defendant's Motion for Summary Judgment (Doc. 27), the Court failed to apply the most recent Supreme Court standard regarding causation in retaliation claims. In *University of Texas Southwestern Medical Center v. Nassar*, the Supreme Court held, "Title VII retaliation claims must be proved according to the traditional principles of but-for causation," requiring "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). The Court finds that even under this heightened standard, Plaintiff Latrecia Turner has established this element of her *prima facie* case for retaliation. As discussed in the previous Order, Turner was forced to transfer to another job site immediately after Southern Ag, a customer of Parker, demanded that she not return to its Blakely facility and just one day after Turner wrote her statement complaining of what she perceived to be inappropriate behavior by the two drivers. *Hubbard v. Ga. Farm Bureau Mut. Ins. Co.*, 2013 WL 3964908 at *1 (M.D. Ga. 2013) (holding that a plaintiff "can satisfy her burden if she can prove a 'close temporal proximity' between the time her employer learned about her protected activity and her [materially adverse action by the employer]"). The reason given to Parker for Southern Ag's demand was that Southern Ag's drivers had denied Turner's complaints of sexual harassment. No other reason was

provided to Parker prior to its forcing Turner to transfer. Parker, through its District Manager, Reynolds, then communicated to Turner that she must transfer to another facility and that there was a position available in Cuthbert. The Court finds that Turner has demonstrated a but-for causal connection between the transfer and Turner's protected activity. All other aspects of the previous Order remain the same.

For the foregoing reasons and those included in the Court's November 10 ,2014, Parker's Motion for Summary Judgment (Doc. 20) is **DENIED.**

**SO ORDERED**, this 12th day of November, 2014.

                                        /s/ W. Louis Sands
                                        **W. LOUIS SANDS, JUDGE**
                                        **UNITED STATES DISTRICT COURT**